[Docket No. 8]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| GARY AKERS, SR., <br><br> Plaintiff, <br><br> v. <br><br> GLOUCESTER TERM/HOLTLOGISTICS, et al., <br><br> Defendants. | Civil No. 20-1629 (RMB/SAK) <br><br> **OPINION** |

**APPEARANCES:**
GARY AKERS, SR.
622 GRANT AVENUE
COLLINGSWOOD, NEW JERSEY 08108

    *Pro se*

WAYNE E. PINKSTONE
FOX ROTHSCHILD LLP
997 LENOX DRIVE, BUILDING 3
LAWRENCEVILLE, NEW JERSEY 08648

    *On behalf of Defendants*

ANDREW MICHAEL MACDONALD
FOX ROTHSCHILD LLP
2000 MARKET STREET, 20TH FLOOR
PHILADELPHIA, PENNSYLVANIA 19103

    *On behalf of Defendants*

**RENÉE MARIE BUMB, United States District Judge**

    This matter comes before the Court on the Motion to Dismiss brought by Defendants Gloucester Terminals LLC and Holt Logistics

[Docket No. 8]

Corp. (collectively, "Defendants"). [Docket No. 8.] For the reasons expressed below, the Court will grant Defendants' Motion.

## I. BACKGROUND

In his Complaint, Plaintiff Gary Akers, Sr., alleges that he was "wrongfully terminated" from his employment with Defendants, where he had worked for more than two decades, on July 5, 2017 because he "did not stay for [two hours of] mandatory [overtime]." [Docket No. 1-3, at 3 (PDF pagination).] This, he alleges, violated his Union's Collective Bargaining Agreement ("CBA"). [See id.]

Plaintiff's Complaint appears to misstate the facts of this case, however. It is true that Plaintiff was fired for refusing to work mandatory overtime, but, as Plaintiff stated in his October 8, 2020 letter to this Court, that occurred in 2016. [See Docket No. 16, at 1 (PDF pagination).] Plaintiff challenged that termination and, on May 22, 2017, the Eastern District of Pennsylvania awarded him backpay and reinstatement. [Id.]

However, before he started working for Defendants again, he agreed to a voluntary drug test, which "came up positive for THC." [Id. at 2 (PDF pagination).] Plaintiff claims that he is prescribed medical marijuana to treat the pain caused by a 2002 workplace injury. [Id.] As a result of the positive test, Defendants fired Plaintiff on July 5, 2017, effective immediately. [Id. at 3 (PDF pagination).]

[Docket No. 8]

In his letter (but not explicitly in his Complaint), Plaintiff argues that this second termination violated the CBA, which "states senior members are granted a 60-day treatment program" after a positive drug test. [Id.] Plaintiff asserts that Defendants "stated at this point that [he] was considered 'a new hire' due to the time that [he] was out of work due to litigation and instead of being a senior Union employee of 23 years [he] was to be considered a 'new hire'/'casual worker'." [Id.] Plaintiff also appears to allege claims of discrimination under the New Jersey Law Against Discrimination ("NJLAD") and defamation in his Complaint. [Docket No. 1-3, at 4 (PDF pagination).]

Plaintiff filed his Complaint on June 28, 2019, in the Superior Court of New Jersey, Camden County, Law Division. [Docket No. 1-3.] Defendants removed the matter to this Court on February 14, 2020, noting that the Court has federal question jurisdiction over the matter pursuant to 28 U.S.C. § 1331. [Docket No. 1, ¶ 9.] Specifically, Defendants argue, Plaintiff's claims arise under Section 301 of the Labor Management Relations Act of 1947 ("Section 301"), which "provides federal jurisdiction over cases involving alleged violations of collective bargaining agreements." [Id., ¶¶ 10-14.] Importantly, Plaintiff also has a claim pending before the New Jersey Division on Civil Rights ("NJDCR"), in which he alleges that Defendants violated the NJLAD. [Docket No. 8-7.]

[Docket No. 8]

Defendants filed this Motion to Dismiss on March 4, 2020. [Docket No. 8.] After Plaintiff failed to file a response in opposition, the Court issued an Order to Show Cause as to why Defendants' Motion should not be granted on October 2, 2020. [Docket No. 14.] Plaintiff responded to that Order with his above-mentioned October 14, 2020 letter, [Docket No. 16], which the Court construed as a response in opposition to the Motion, [Docket No. 17]. Finally, Defendants filed a reply brief on October 23, 2020, as permitted by the Court. [Docket No. 18.]

## II. STANDARD

When considering a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005). It is well-settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . .

." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (citations omitted) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957); Sanjuan v. Am. Bd. Of Psychiatry & Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994); Papasan v. Allain, 478 U.S. 265, 286 (1986)).

> To determine the sufficiency of a complaint, a court must take three steps. First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011) (alterations in original) (citations omitted) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 664, 675, 679 (2009)). A court may "generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." Schmidt, 770 F.3d at 249 (citing Pension Benefit Guar. Corp., 998 F.2d at 1196).

A district court, in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." Twombly, 550 U.S. at 563 n.8 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Iqbal, 556 U.S. at 684 ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail in the coffin for the

'no set of facts' standard that applied to federal complaints before Twombly."). "A motion to dismiss should be granted if the plaintiff is unable to plead 'enough facts to state a claim to relief that is plausible on its face.'" Malleus, 641 F.3d at 563 (quoting Twombly, 550 U.S. at 570).

### III. ANALYSIS

The Court begins its analysis by noting that Section 301 preempts any state law claims that rely on an alleged violation of a CBA. See Int'l Bhd. of Teamsters v. Lucas Flour Co., 369 U.S. 95, 103 (1962). Here, Plaintiff's claims clearly contemplate the CBA. Reading the Complaint in the light most favorable to Plaintiff, who is pro se, he is alleging that, per the CBA and based on his alleged seniority, he should have been afforded the opportunity to seek a 60-day treatment program upon his positive drug test rather than being fired immediately. This clearly relies on an alleged violation of the CBA, and therefore is preempted by Section 301. The Court notes that there is no other apparent basis for Plaintiff's claims of defamation, so that claim is also preempted by Section 301.

Plaintiff's only other apparent claim is his NJLAD claim. This claim does not appear to necessitate an analysis of the CBA, but rather relies on New Jersey Supreme Court precedent that establishes that an employee may not be terminated for using medical marijuana in accordance with the New Jersey Compassionate

Use Medical Marijuana Act. See Wild v. Carriage Funeral Holdings, Inc., 224 A.3d 1206 (N.J. 2020).[1]

Plaintiff's claims that are preempted by Section 301 are time-barred. Section 301 has a statute of limitations of six months. DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 169 (1983). The latest possible date from which a statute of limitations would run in this case is July 5, 2017, when Plaintiff received notice of his immediate firing for the positive drug test. Plaintiff did not file this suit until June 28, 2019, nearly two years after he was fired. Therefore, any claims that are preempted by Section 301 — that is, his defamation claim and his wrongful termination claim — are time-barred and will be dismissed.[2]

As to Plaintiff's NJLAD claim, "New Jersey courts have consistently held that, pursuant to the NJLAD, when parties seek administrative redress for their claims they are banned from then seeking relief via the courts." Ferrara v. Tappen Co., 722 F. Supp.

---

[1] The Court notes that the New Jersey Compassionate Use Medical Marijuana Act was signed into law on July 2, 2019 — well after Plaintiff was fired from his job. Governor Murphy Signs Legislation to Dramatically Reform New Jersey's Medical Marijuana Program, Expand Patient Access, NJ.GOV (July 2, 2019), http://www.nj.gov/governor/news/news/562019/20190702d.shtml. It is therefore unlikely that Plaintiff has a viable NJLAD claim on that basis.

[2] To the extent that Plaintiff's Complaint includes as any claims relating to his April 2016 firing, the Court rules that Plaintiff is precluded from relitigating the claim, as it was already decided by the Eastern District of Pennsylvania. [See Docket No. 8-5.]

[Docket No. 8]

1204, 1205 (D.N.J. 1989). Here, Plaintiff has opted to pursue his NJLAD claim before the NJDCR. [Docket No. 8-7.] Therefore, Plaintiff cannot pursue his NJLAD claim before the Court, and that claim will be dismissed as well.[3]

**IV.   CONCLUSION**

For the reasons expressed above, the Court will grant Defendants' Motion to Dismiss. An accompanying Order shall issue.


May 12, 2021                                s/Renée Marie Bumb
Date                                        RENÉE MARIE BUMB
                                            United States District Judge

---

[3] In the interest of judicial economy, this Court elects to exercise supplemental jurisdiction over Plaintiff's NJLAD claim rather than remanding it to the state court, which would then simply dismiss the claim for the same rationale as expressed herein. See Coefield v. Jersey Cent. Power & Light Co., 532 F. Supp. 2d 685, 699 (D.N.J. 2007).